Filed 11/9/15  Marriage of Lester CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re the Marriage of KENDRA and TIMOTHY L. LESTER. | |
| KENDRA LESTER,<br><br>    Respondent,<br><br>        v.<br><br>TIMOTHY L. LESTER,<br><br>    Appellant;<br><br>ORANGE COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES,<br><br>    Respondent. | G049535<br><br>(Super. Ct. No. 00FL003654)<br><br>O P I N I O N |

Appeal from orders of the Superior Court of Orange County,
Duane T. Neary, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Gordon│Gordon│Lawyers, Errol J. Gordon and Christiaan J. Gordon for
Appellant.

Law Offices of Donald P. Bebereia and Donald P. Bebereia for Respondent Kendra Lester.

Kamala D. Harris, Attorney General, Julie Weng-Gutierrez, Assistant Attorney General, Linda M. Gonzalez and Catherine A. Ongiri, Deputy Attorneys General, for Respondent Orange County Department of Child Support Services.

*       *       *

## INTRODUCTION

Timothy L. Lester appeals from the trial court's orders requiring him to pay adult child support, in the total amount of $2,682 per month, for his now 21-year-old daughters, Brandi Lester and Breanna Lester[1]. Timothy does not challenge Brandi's and Breanna's entitlement to adult child support under Family Code section 3910. (All further statutory references are to the Family Code.) He argues the trial court (1) "arbitrarily denied" his request that he be given a hardship deduction in calculating his net disposable income pursuant to sections 4070 and 4071; and (2) abused its discretion by refusing to deviate from the guideline child support amount on the ground he had "special financial circumstances" within the meaning of sections 4052 and 4057, subdivision (b).

We affirm. The record does not show Timothy was experiencing "extreme financial hardship due to justifiable expenses" within the meaning of section 4070 to warrant a hardship deduction in calculating his net disposable income. Timothy otherwise failed to show the existence of a special financial circumstance that warranted deviation from the guideline child support amount.

---

[1] We refer to Timothy Lester, Kendra Lester, Brandi Lester, and Breanna Lester by their first names for the purpose of clarity. We intend no disrespect.

BACKGROUND

I.

THE ORANGE COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES AND KENDRA EACH
SEEK A MODIFICATION OF THE COURT'S SUPPORT ORDERS FOR BRANDI AND BREANNA;
TIMOTHY FILES A RESPONSE TO THE ORDERS TO SHOW CAUSE.

Kendra and Timothy have two daughters, Brandi and Breanna, who are now 21 years old and are incapacitated from earning a living within the meaning of section 3910. In March 2012, the Orange County Department of Child Support Services (the Department) filed a notice of motion for a modification of a previous support order that had been entered in October 2011, as to Brandi and Breanna, which required Timothy to pay a total monthly amount of $1,500 in child support for his daughters. Kendra filed an income and expense declaration showing she was self-employed as a skin care therapist, for which she earned $1,200 per month. Kendra asserted both Brandi and Breanna have special needs and would need assistance for the rest of their lives. Kendra stated they spent 92 percent of the time with her and 8 percent of the time with Timothy.

In March 2012, Kendra filed an order to show cause why Brandi and Breanna should not continue to receive child support beyond the age of 18 years, pursuant to section 3910. Kendra stated: "Brandi has primary cerebral palsy. No language. Still wears diapers, has to have assistance 100% of the time with everything (clothes, baths, eating certain foods, hair . . . ). She has an undeveloped brain which makes her behavior like a young child, will always need assist. Breanna has mental retardation (her primary) autism. Breanna attends special classes (since 1st grade)." Kendra asserted her monthly living expenses were $2,580, of which $1,500 was "paid by others." In addition, Kendra stated that Brandi and Breanna's expenses included $100 for uninsured healthcare expenses, $50 in "Travel expenses for visitation," and $100 for educational or other special needs.

3

In June 2012, Timothy filed an opposition to both filings, in which he conceded that Brandi qualified for adult child support under section 3910 but contended Breanna did not qualify for such support because she "had the mental capacity and ability to provide for her own care" and "she was capable of supporting herself without aid or financial assistance from a governmental source."

## II.

THE TRIAL COURT APPOINTS COUNSEL FOR BREANNA AND AN EXPERT FORENSIC PSYCHIATRIST; THE COURT ADOPTS THE EXPERT'S RECOMMENDATION AND FINDS BREANNA TO BE ELIGIBLE FOR ADULT CHILD SUPPORT UNDER SECTION 3910.

In September 2012, the trial court appointed Sheryl Edgar as counsel for Breanna and ordered Timothy to pay Breanna's counsel's fees. Edgar investigated whether Breanna was eligible to receive adult child support pursuant to section 3910.

Also, the trial court appointed its own expert, Dr. David J. Sheffner, a forensic psychiatrist, to opine "whether Breanna was disabled within the provisions of *Family Code Section 3910*"; the court ordered Timothy to pay Sheffner's fees. Sheffner prepared a report in which he recommended that Breanna be found eligible to receive adult child support. The court adopted the recommendation and found Breanna to be a disabled adult within the meaning of section 3910. Timothy does not challenge the trial court's finding that Breanna is eligible for adult child support.

## III.

EVIDENCE ADMITTED AT TRIAL ON THE CALCULATION OF ADULT CHILD SUPPORT

Kendra testified that she earns a monthly income of $3,050. She pays $150 in child care for Breanna and Brandi, which enables her to work. She lives with Breanna, Brandi, and Kendra's "new husband" who is employed. She takes Brandi and Breanna to

4

visit Timothy and his family in Florida once a year. She receives a monthly sum of $226 in Social Security disability payments for each of her daughters.

Timothy testified he lives in Atlanta, Georgia, with his new wife and three biological minor children. His wife is a homemaker who cares for their children. Each month, Timothy receives $10,200 in disability payments from the National Football League, plus $2,035 in Social Security disability payments. Each month, Timothy pays $722 for medical insurance for his family, $560 for other medical expenses associated with his own disability, which includes expenses for prescriptions and therapy treatments, and $500 for medical expenses incurred for his minor daughter who "suffers from a handicap."

Kendra and Timothy stipulated that Timothy has a "ten-percent (10%) timeshare with Brandi and Breanna." Timothy testified that he would spend additional time with Breanna during the summer "except that [Kendra] does not permit it." He testified that "the reason he does not have custody of Breanna the entire summer is because [Kendra] enrolls her in programs and classes during his scheduled summer time. However, each summer he has Brandi the entire summer." He further testified he travels to Southern California to spend additional time with his daughters "periodically during the year."

Timothy requested that the Court award him "a hardship for the three (3) minor children who reside with him, . . . the $560.00 per month in expenses he pays for the uninsured medical expenses related to his own disability," and "the $500.00 in medical expenses he pays for his handicapped minor daughter." He further requested that the court allow him to inquire about the income of Kendra's new husband. Timothy asked the court to "deviate from [the] guideline and allow him a credit for the $694.00 per month against the guideline support based on the social security payments for the children."

## IV.

### THE TRIAL COURT MAKES FINDINGS AS TO ADULT CHILD SUPPORT AND ORDERS TIMOTHY TO PAY A TOTAL MONTHLY SUM IN THE AMOUNT OF $2,682 FOR BRANDI AND BREANNA; TIMOTHY APPEALS.

Following trial held on August 16 and October 11, 2013, the trial court ordered that Timothy pay the sum of $1,396 per month for each of his daughters. The court thus modified the existing order which required him to pay a total net monthly amount of $1,500 to $2,682 in adult child support. The court ordered that the change would apply retroactively to April 1, 2012.

In issuing its ruling, the trial court denied Timothy's request to allow him to inquire into Kendra's new husband's income "because [Kendra]'s taxes are filed Married Filing Separately making her new spouse['s] income irrelevant for calculating support." The court also denied Timothy's request that the court deviate from the guideline to allow him a credit of $694 per month against the guideline support amount because Brandi and Breanna received Social Security payments in that amount. The court concluded, "there was no need to deviate" as Kendra had testified and the Department had confirmed "the derivative benefits received by [Kendra] for the children are credited towards [Timothy]'s child support. Each child also receives $121.00 per month for their own disability payments from Social Security."

The trial court made the following findings "on the issue of support":

"1. . . . Breanna is a person as described in *Family Code Section 3910*. She is impaired, cannot make a living for herself, and does not have sufficient means to support herself. Child support is extended.

"2. . . . [T]imeshare is 10%. Custody exchange and visitation travel expenses for [Timothy] are $537.00 per month. Custody exchange travel expenses for

6

[Kendra] are $167.00 per month. Court finds [Timothy]'s income to be $12,235.00 per month.

"3. . . . [M]inimal expenses have not been shown to qualify for hardships pursuant to *Family Code Section 4071*.

"4. Court finds and considers the fact that the adult children are receiving direct social security payments.

"5. Court finds and considers the facts that [Timothy] has three (3) other biological children.

"6. Court finds its ability to use discretion to depart is not limited to certain types of cases.

"7. . . . *Section 4057(b)* does not apply.

"8. Court finds and considers the fact that [Timothy] pays $500.00 per month for the special needs of one of his children.

"9. Court finds and considers this subject case and that each child is disabled.

"10. Court orders payment on undetermined arrears at $100.00 per month commencing November 1, 2013.

"11. Upon emancipation of each minor child(ren), child support for that minor child to become an additional payment on arrears.

"12. Court orders the Department of Child Support Services to prepare an accounting and send it to all parties."

Timothy filed a notice of appeal, in which he stated that he appeals from the orders, dated November 15, 2013 and December 19, 2013, "which encompassed the Court's October 11, 2013 pronouncement of decision setting the amount of adult support for Brandi and Breanna."

7

DISCUSSION

I.

STANDARD OF REVIEW AND GOVERNING LEGAL PRINCIPLES

"The trial court's determination to grant or deny adult child support or to modify a support order is reviewed under the abuse of discretion standard. [Citation.] "'The abuse of discretion standard . . . measures whether, given the established evidence, the act of the lower tribunal falls within the permissible range of options set by the legal criteria.'" [Citation.] The scope of the trial court's discretion is limited by law governing the subject of the action taken. [Citation.] An action that transgresses the bounds of the applicable legal principles is deemed an abuse of discretion. [Citation.] In applying the abuse of discretion standard, we determine whether the trial court's factual findings are supported by substantial evidence and independently review its legal conclusions. [Citation.]" (*In re Marriage of Drake* (Oct. 9, 2015, G050042) __ Cal.App.4th __, __ [2015 Cal.App. Lexis 959, pp. *9-*10].)

II.

TIMOTHY IS OBLIGATED UNDER SECTION 3910 TO PAY ADULT CHILD
SUPPORT FOR BRANDI AND BREANNA BECAUSE THEY ARE INCAPACITATED
FROM EARNING A LIVING AND WITHOUT SUFFICIENT MEANS WITHIN THE
MEANING OF SECTION 3910.

"[S]ection 3910 governs a parent's responsibility to support an adult child." (*In re Marriage of Drake*, *supra*, __ Cal.App.4th at p. __ [2015 Cal.App. Lexis 959 at p. *1].) "Under section 3910(a), a parent's responsibility to support an adult child arises when two conditions are met: (1) the adult child is 'incapacitated from earning a living' and (2) the adult child is 'without sufficient means.' The amount of support for an adult child is determined by the statutory guidelines for minor children set forth at Family Code section 4050 et seq." (*Id.* at p. __ [2015 Cal.App. Lexis 959 at p. *10].)

8

Timothy conceded Brandi was eligible for adult child support but disputed that Breanna met the conditions of section 3910 to also be eligible for such support. The trial court concluded Breanna met the conditions of section 3910. Timothy does not challenge the court's ruling on appeal.

## III.

### THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY DENYING TIMOTHY'S REQUEST FOR A HARDSHIP DEDUCTION PURSUANT TO SECTION 4071.

Timothy does not argue that the trial court erroneously calculated his net disposable income. He argues, however, the trial court erroneously denied him a hardship deduction under section 4071 from that net disposable income figure for purposes of determining guideline adult child support because he (1) has "extraordinary medical expenses" (underscoring omitted); (2) supports his three minor children who live with him and his wife; and (3) was denied the opportunity to inquire about Kendra's new spouse's income and to thereafter argue that the court consider that income in making its calculations. The trial court did not abuse its discretion.

"Family Code section 4070 recognizes that if a parent 'is experiencing extreme financial hardship due to justifiable expenses' resulting from specified circumstances, the court may modify child support by allowing a deduction from the income of the party experiencing the hardship. (See § 4059, subd. (g).) The circumstances evidencing hardship are set out in section 4071." (*In re Marriage of Paulin* (1996) 46 Cal.App.4th 1378, 1381-1382, fn. omitted.) Section 4071 provides in relevant part: "(a) Circumstances evidencing hardship include the following: [¶] (1) Extraordinary health expenses for which the parent is financially responsible, and uninsured catastrophic losses. [¶] (2) The minimum basic living expenses of either parent's natural or adopted children for whom the parent has the obligation to support

9

from other marriages or relationships who reside with the parent. The court, on its own motion or on the request of a party, may allow these income deductions as necessary to accommodate these expenses after making the deductions allowable under paragraph (1)."

Our record does not show Timothy is experiencing "extreme financial hardship due to justifiable expenses" (§ 4070) in the form of extraordinary medical expenses. The settled statement shows that the trial court found Timothy's monthly income to be $12,235 and his net disposable income to be $9,975. Section 4070 provides, "[i]f a parent is experiencing extreme financial hardship due to justifiable expenses resulting from the circumstances enumerated in Section 4071, on the request of a party, the court may allow the income deductions *under Section 4059* that may be necessary to accommodate those circumstances." (Italics added.) Section 4059 initially states that "[t]he annual net disposable income of each parent shall be computed by deducting from his or her annual gross income the actual amounts attributable to the following items or other items permitted under this article." Subdivision (g) of section 4059 includes as one of those items: "A deduction for hardship, as defined by Sections 4070 to 4073, inclusive, and applicable published appellate court decisions. The amount of the hardship shall not be deducted from the amount of child support, but shall be deducted from the income of the party to whom it applies."

In analyzing Timothy's hardship deduction request, it would be logical to consider his total monthly income. But even considering his request for a hardship deduction in the context of the amount of his *net* disposable income, as calculated by the trial court, the record does not show the trial court abused its discretion in denying his request.

Timothy's total monthly medical expenses were $1,782, and consisted of $722 in premium payments for health insurance for his family, $500 in medical expenses for his disabled daughter, and an additional $560 for his own medical expenses. The trial

10

court gave Timothy credit for the health insurance premium expense of $722 in computing the guideline child support. Thus, Timothy's additional medical expenses totaled $1,060 each month. Given his net disposable monthly income of $9,975, the trial court did not abuse its discretion by failing to find Timothy's medical expenses to be extraordinary within the meaning of section 4071, subdivision (a), or to otherwise find he was experiencing an extreme financial hardship within the meaning of section 4070.

Timothy argues that he was entitled to a hardship deduction because he is supporting three minor children. As is the case with the extraordinary medical expenses basis for seeking a hardship deduction, and as explained in *In re Marriage of Paulin*, *supra*, 46 Cal.App.4th at page 1382, while it is true section 4071 allows for a hardship deduction to meet the minimum basic living expenses of a parent's other natural or adopted children (§ 4071, subd. (a)(2)), the parent seeking the deduction must show "extreme financial hardship" (§ 4070). The hardship deduction "is not a 'foregone conclusion' on the birth of new children" but depends on "the family's income, as well as purported expenses," bearing in mind that one's "responsibility as a parent '[is] not to seek to provide less for some of his children because he had others, but to provide adequately for all of them.'" (*In re Marriage of Paulin*, *supra*, at p. 1382.)

Our record does not support Timothy's requested hardship deduction. Subtracting not only Timothy's additional medical expenses in the amount of $1,060 discussed *ante*, but also the $2,682 in court-ordered adult child support for Breanna and Brandi, from Timothy's total net monthly disposable income, Timothy still has $6,233 in monthly net disposable income ($74,796 in annual net disposable income) to support his family in Atlanta. The trial court did not abuse its discretion in concluding Timothy did not suffer from extreme financial hardship as a result of extraordinary medical expenses and/or the expenses of raising three minor children to warrant a hardship deduction.

Without citation to any legal authority or meaningful legal analysis, Timothy argues the trial court erroneously denied his request that he be permitted to

inquire into the income of Kendra's new spouse. As Timothy has failed to carry his burden of proving error, much less prejudicial error, in this respect, his argument fails.

## IV.

### TIMOTHY'S FINANCIAL CIRCUMSTANCES DID NOT SUPPORT A DEVIATION FROM THE CHILD SUPPORT GUIDELINE AMOUNT.

Timothy argues the trial court abused its discretion by denying his request that the court find the existence of special financial circumstances that would justify a downward departure from the guideline amount of adult child support ordered for Brandi and Breanna. "The guideline amount of child support, which is calculated by applying a mathematical formula to the relative incomes of the parents, is presumptively correct." (*In re Marriage of Schlafly* (2007) 149 Cal.App.4th 747, 753.) A trial court may depart from the guideline amount of support only in the "special circumstances" set forth in the child support statutes. (§ 4052; see *In re Marriage of Schlafly*, *supra*, at p. 753.)

Section 4057, subdivision (b) lists five factors justifying departure from the guideline amount of support. Of those five factors, only the fifth factor arguably is applicable here. That factor is "[a]pplication of the formula would be unjust or inappropriate due to special circumstances in the particular case." (§ 4057, subd. (b)(5).) Section 4057, subdivision (b)(5) identifies three such special circumstances: "(A) Cases in which the parents have different time-sharing arrangements for different children. [¶] (B) Cases in which both parents have substantially equal time-sharing of the children and one parent has a much lower or higher percentage of income used for housing than the other parent. [¶] (C) Cases in which the children have special medical or other needs that could require child support that would be greater than the formula amount." (§ 4057, subd. (b)(5).) The list is not exclusive. (*Ibid.*) Section 4057 "'effectively vests trial courts with considerable discretion to approach unique cases on an ad hoc basis.'" (*In re Marriage of Drake* (1997) Cal.App.4th 1139, 1157.)

12

Timothy's argument for deviating from the guideline was based, in part, on the same grounds he asserted in support of his hardship deduction request. This argument lacks merit for the same reasons as discussed *ante*. His request was also based on the fact "Brandi and Breanna were receiving social security benefits in the combined sum of $694.00 a month." But the settled statement, which Timothy stipulated was accurate, shows the trial court did consider Brandi and Breanna's derivative and direct Social Security payments, stating in pertinent part as follows: "[Timothy] also requested the Court to deviate from [the] guideline and allow him a credit for the $694.00 per month against the guideline support based on the social security payments for the children. The Court denied that because there was no need to deviate. [Kendra] testified and [the Department] confirmed that the derivative benefits received by [Kendra] for the children are credited towards [Timothy]'s child support. Each child also receives $121.00 per month for their own disability payments from Social Security."

Timothy argues in his opening brief that, notwithstanding the reference to the Social Security benefits in the settled statement quoted *ante*, "the November 15, 2013 Order does not reflect this credit." Timothy does not explain how the November 15 order contradicts the settled statement's confirmation that Social Security benefits were considered and appropriately included in calculating Timothy's adult child support obligation. Although the order did not specifically reference the derivative Social Security payments, this omission does not prove those payments were not properly considered by the court in setting Timothy's adult child support obligation. Timothy has failed to show the trial court erred by refusing to deviate from the guideline support amount.

13

DISPOSITION

The orders are affirmed.  Respondents shall recover costs on appeal.



FYBEL, J.

WE CONCUR:


ARONSON, ACTING P. J.


THOMPSON, J.